*1497 EMILIO M. GARZA, Circuit Judge,
concurring specially:
I concur in the judgment and the majority opinion, except to the extent that it holds the state court judgment transferred the Debtors’ claims within the meaning of § 548. See maj. op. at 1494. I agree with the bankruptcy court’s determination that the state court judgment did not “transfer” any interest in property for the purpose of § 548. As both the bankruptcy court and the majority correctly point out, the effect of the state court judgment was to “discharge” [1] or “extinguish”[2] the Debtors’ tort and contract claims.
The majority emphasizes, however, the language in 11 U.S.C. § 101(54), which defines “transfer” as “every mode ... of parting with ... an interest in property.” See supra part III.A (emphasis added). The majority reasons that when the state court judgment extinguished the Debtors’ claims, the Debtors’ “part[ed] with” their claim which effected a “transfer” within the meaning of § 548. See maj. op. at 1493-94. I disagree. The word “transfer” suggests ownership rights passing to the possession of another. See Pirie, 182 U.S. at 444, 21 S.Ct. at 908-09 (“The word ... is intended to include every means and manner by which property can pass from the ownership and possession of another-”). Clearly, the state court judgment did not “transfer” those claims to Ms. Hawthorne; it did, however, determine that the Debtors’ claims against Hawthorne had no merit. See maj. op. at 1495-96. Besing cannot “transfer” or “part with” a claim which a judgment has extinguished. Cf. Matter of Wey, 854 F.2d 196, 199 (7th Cir.1988) (“[Wjhat actually occurred when Wey defaulted was an extinguishment of his equity interest in the hotel, not a transfer.”). I would hold, under the facts of this case, that the Debtors’ claims were extinguished, rather than transferred for the purposes of § 548.[3]

. See Record Excerpts for Besing at Tab 9.

. See maj. op. at 1494.

. The tautology in part III.C. — the value of Debtors’ claims, found by a state judgment to be without merit is reasonably equivalent to nothing — bolsters the obvious: One cannot transfer what one does not have.